BARNES v. ROOSEVELT.

(Supreme Court, Appellate Division, Third Department. January 15, 1915.)

COSTS (§ 69*)—APPEAL—EXPENSES OF RECORD.

Where the disbursements as taxed and awarded to appellant were principally for printing the record, a great part of which was occupied by appellant's unsuccessful effort to establish that officials of a county charged with preparing jury lists and drawing a jury would not fairly perform such duty, and with the plaintiff's reply to such charge, they would be directed to abide the event of the action.

[Ed. Note.—For other cases, see Costs, Cent. Dig. §§ 247, 256; Dec. Dig. § 69.*]

Motion for resettlement of order, so as to provide that the costs and disbursements awarded to the appellant should abide the event of the action. Motion granted.

See, also, 150 N. Y. Supp. 30.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Ivins, Mason, Wolff & Hoguet, of New York City, for the motion. Bowers & Sands, of New York City, opposed.

PER CURIAM. Ten dollars costs, and the disbursements were allowed to the appellant according to the usual practice in this court on such motions. This motion, for a resettlement of the order, calls attention to facts which, in our judgment, should take this case from the ordinary rule. The disbursements, as taxed, amount to $303.67, which are principally for printing the record. A great part of the printed record was occupied by the defendant's effort to establish that the officials of Albany county, charged with the duty of preparing jury lists and drawing a jury, would not fairly perform that duty, and with the plaintiff's reply to that charge. Defendant wholly failed in that contention. Under the circumstances, it seems proper that the costs and disbursements awarded to the appellant should abide the event of the action.

The motion is therefore granted.